UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-78 (DSD/DTS)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEFFREY LEONARD REWEY,

Defendant.

**PLEA AGREEMENT**

The United States of America and JEFFREY LEONARD REWEY (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of a criminal Information charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The defendant also agrees to execute in open court a separate Waiver of Indictment and consents to proceed by Information with respect to this charge. The United States agrees to move to dismiss the pending Indictment at the time of sentencing.

2. **Factual Basis.** The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

In July 2019, officers from the FBI Safe Streets Task Force (SSTF) received information that the defendant was selling narcotics in the St. Paul area, and was in possession of firearms. Officers obtained a warrant to search the defendant's person and his residence.

On July 11, 2019, the FBI SSTF executed the warrant at the defendant's apartment. Law enforcement officers recovered one gram of methamphetamine from the defendant's person and two grams of methamphetamine on his kitchen table. Inside of the defendant's backpack found on the floor of the apartment, law enforcement officers found 257 grams of methamphetamine, along with a loaded .45 caliber handgun and a loaded .380 caliber handgun.

The Minnesota Bureau of Criminal Apprehension forensic science laboratory tested the substance and confirmed the presence of methamphetamine.

The defendant admits that he possessed the methamphetamine with the intent to distribute it, and was therefore engaged in a drug trafficking crime prosecutable in federal court. The defendant admits that he knowingly possessed the firearms in furtherance of his drug trafficking crime of possession with the intent to distribute methamphetamine. The defendant further stipulates he acted voluntarily and he knew his actions violated the law.

3. **Statutory Penalties**. The parties agree that Count 1 of the Information carries statutory penalties of:

    a. a mandatory minimum of 5 years' imprisonment (18 U.S.C. § 924(c)(1)(A)(i));

    b. a maximum of life imprisonment;

    c. a supervised release term of not more than 5 years (18 U.S.C. §§ 3559(a)(1) and 3583(b)(1));

    d. a fine of up to $250,000 (18 U.S.C. § 3571(b)(3));

    e. a mandatory special assessment of $100 (18 U.S.C. § 3013(a)(2)(A)); and

    f. assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of the plea agreement, and based upon concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily withdraws the pretrial motions he has already filed and gives up the right to file any additional pre-trial motions in this case.

5. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. **Base Offense Level**. The parties agree that the Guidelines do not specify a base offense level for Count 1, but rather provide that the Guideline sentence shall be

3

the minimum term of imprisonment required by statute, in this case 60 months. U.S.S.G. § 2K2.4(b). Chapters Three and Four of the Guidelines do not apply. The defendant understands that both the Guideline sentence and the required statutory mandatory minimum sentence in this matter is 60 months of imprisonment.

b. **Fine Range**. The defendant may be fined up to $250,000. 18 U.S.C. § 3571(b)(3). The Guidelines do not establish a fine range. U.S.S.G. § 2K2.4, comment. (n.7).

c. **Supervised Release**. The Sentencing Guidelines call for a term of supervised release of at least 2 years but not more than 5 years. U.S.S.G. § 5D1.2(a)(1); 18 U.S.C. §§ 3583(b)(1) and 3559(a)(1).

d. **Sentencing Recommendation and Departures**. The United States agrees to recommend a sentence of 60 months' imprisonment. The defendant understands that the Court may not impose a term of imprisonment of less than 60 months' imprisonment for Count 1 of the Information.

7. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range, subject to the mandatory minimum term of imprisonment of 60 months. If the Court determines that the applicable guideline calculations or the defendant's

4

criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8.    **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment at or before the time of sentencing.

9.    **Waivers of Appeal and Collateral Attack**. The defendant understands that 18 U.S.C. Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. Section 3742 to appeal his sentence, unless the sentence exceeds 60 months' imprisonment. The United States agrees to waive its right to appeal the sentence unless the Court imposes a sentence of less than 60 months' imprisonment. In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255, with the exception that he reserves the right to petition for relief under Section 2255 on the issue of ineffective assistance of counsel. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

10.   **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms, ammunition, and accessories involved in or used in the commission of Count 1, including, but not limited to the

5

following property seized on or about July 11, 2019 from the defendant: a Springfield XD, .45 caliber semi-automatic handgun, bearing serial number US604791; and a .380 caliber Ruger semi-automatic pistol, with serial number 37794828; and any ammunition and accessories seized therewith.

The defendant agrees that approximately $3,922.00 in U.S. Currency, also seized from the defendant on July 11, 2019, is subject to forfeiture because it is the proceeds of and was used or intended to be used to facilitate the drug trafficking crime underlying Count 1.

The defendant agrees that the forfeitures may, at the government's option, be completed through administrative, civil, or criminal forfeiture proceedings. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

11.   **FOIA Requests.**  The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act, 5 U.S.C. § 552, or any other similar law or process.

12. **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

W. ANDERS FOLK
Acting United States Attorney

Date: *November 8, 2021*

_____
JUSTIN A. WESLEY
Assistant U.S. Attorneys

Date: *11/8/2021*

_____
JEFEREY LEONARD REWEY
Defendant

Date: *11/8/21*

_____
DOUG MICKO
Counsel for Defendant