UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-78 (DSD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S SENTENCING** |
| v. | ) **MEMORANDUM** |
| Jeffrey Leonard Rewey, | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Justin A. Wesley, Assistant United States Attorney, hereby respectfully submits its memorandum and position on sentencing as to defendant Jeffrey Leonard Rewey. The United States is advocating for a sentence of 60 months' imprisonment.

## BACKGROUND

**A.  Factual Background**

In July 2019, law enforcement received information that Rewey, a convicted felon, was in possession of firearms and distributing methamphetamine. (PSR ¶ 8).[1] On July 11, 2019, officers executed a search warrant at Rewey's apartment in St. Paul. (PSR ¶ 8). Rewey was standing outside of the apartment, and law enforcement found one gram of methamphetamine on his person. (PSR ¶ 8). Inside of the apartment, officers recovered a

---

[1] Citations to the "**PSR**" refer to the presentence investigation report (DCD 91).

backpack containing an additional 257 grams of methamphetamine and two firearms: a loaded Springfield XD, .45 caliber handgun with serial number US604791; and (2) a loaded Ruger .380 caliber handgun with serial number 3779482. (PSR ¶ 9). Rewey's DNA was found on the Springfield handgun. (PSR ¶ 9).

On January 18, 2020, Rewey was stopped by officers and arrested on the federal warrant for this offense. (PSR ¶ 10). Rewey had a glass pipe and .5 grams of methamphetamine. Rewey was released to a halfway house on January 31, 2020, but absconded on February 27, 2020. (PSR ¶ 10).

On August 4, 2020, the defendant was arrested at his cousin's residence. In Rewey's backpack, officers found a digital scale, knife, multiple cell phones, handcuffs, and 76.54 grams of a substance that is pending testing. (PSR ¶ 11).[2]

**B.    Presentence Report and Guidelines Calculation**

On November 8, 2021, Rewey pled guilty to Count 1 of an Information, possession of firearms in furtherance of a drug trafficking crime (PSR ¶ 1-2; DCD 77).

The PSR determined the guideline sentence is the term of imprisonment required by statute, which is a mandatory minimum term of 60 months to life, and that Chapter Three and Four adjustments do not apply. (PSR ¶ 18).

---

[2] Initially, the government understood that the substance found in the backpack on August 4, 2020 was tested. We later learned that while the substance in the backpack seized on July 11, 2019 had been tested, the substance in the backpack seized on August 4, 2020 had not. Subsequently, the August 4, 2020 substance was field-tested and tested negative for methamphetamine. The substance is currently being analyzed by the BCA. We asked that testing be completed by March 1, 2022. Even if the substance turns out to be methamphetamine, it has no effect on the guideline range as there are no adjustments for the drugs under USSG § 2K2.4. (PSR Addendum A.1).

## POSITION ON SENTENCING

The issue before the Court is what constitutes a reasonable sentence considering the factors enumerated in Title 18, United States Code, Section 3553(a). In fashioning a sentence, Section 3553(a) requires the Court to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense; the need for deterrence; the need to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). A consideration of these factors for defendant Rewey supports a sentence of **60 months**.

    **A.**    **Nature of the Offense**

The nature of the defendant's offense is serious. He possessed multiple firearms in order to further his distribution of methamphetamine. Notably, Rewey possessed firearms even though he is prohibited from possessing firearms by virtue of prior felony convictions.

    **B.**    **The Defendant's History and Characteristics**

Rewey's criminal history started when he was a juvenile. (PSR ¶ 28). At the age of 18, Rewey had intercourse with a 13-year-old girl and became verbally and physically abusive in order to further coerce the child into additional sex acts. (PSR ¶ 32).

At 19, Rewey had intercourse with another female minor (age 15). Rewey had to register as a sex offender due to these convictions and failed to register his address. (PSR ¶ 34).

In 2007, Rewey possessed two firearms, a scale, cash, and methamphetamine. (PSR ¶ 36). Rewey was sentenced to 60 months in prison for the guns, but only served three

3

years. (PSR ¶ 36). Also in 2007, Rewey failed to register his address per his sex offender registration requirements. (PSR ¶ 37).

In 2011, Rewey was in possession of .4 grams of methamphetamine and was sentenced to probation. (PSR ¶ 38).

In 2014, Rewey was found to be in possession of a firearm after a domestic altercation and was sentenced to 60 months, but again only served 3 years. (PSR ¶ 39).

The PSR details multiple hardships that Rewey endured during his life. (PSR ¶¶ 47-49). Additionally, Rewey has a long history of substance abuse. (PSR ¶¶ 61-63). He also currently suffers from numerous physical and mental ailments. (PSR ¶ 56, 59, 60).

### C.     Other Considerations

Rewey has a serious criminal history, but his longest incarceration period has only been approximately three years in state prison. In sum, a sentence for Rewey of 60 months is justified under the law and circumstances of this case. It accounts for both any mitigating and aggravating aspects of the defendant's personal history, while at the same time reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, affording adequate deterrence, and protecting the public from further crimes of the defendant.

## **CONCLUSION**

For all the foregoing reasons, the United States respectfully recommends that the Court impose a sentence on defendant Rewey of 60 months in prison.

Respectfully submitted,

Dated: February 14, 2022

CHARLES J. KOVATS, JR.
Acting United States Attorney

*/s/ Justin A. Wesley*

BY:  JUSTIN A. WESLEY
Assistant U.S. Attorney
Attorney ID No. 0389189